**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RONNIE MILLS, as Executor of the Estate of Cintoway Mills, Deceased<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES TURNER,<br><br>    Defendant. | Civil Action No. 1:15-cv-13267-MLW |

---

### PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF ENTRY OF SUMMARY JUDGMENT

Plaintiff, RONNIE MILLS, Executor of the Estate of Cintoway Mills, by and through undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment against CHARLES TURNER (hereinafter "Defendant") for violations of the Fair Debt Collections Practices Act, 15 U.S.C § 1692, et seq. ("FDCPA").

### I. STATEMENT OF THE CASE

Plaintiff moves for summary judgment against Defendant for each of her causes of action under the 15 U.S.C § 1692, et seq. ("FDCPA"), summarized as follows:

1.) Defendant violated 15 U.S.C. 1692g by failing to send Plaintiff the requisite debt validation notice within 5-days of Defendant's initial communication with Plaintiff.

2.) Defendant violated 15 U.S.C. 1692e as follows: 1.) Defendant misrepresented that his client "will file suit for the full amount" if Plaintiff did not make payment within 10 days of his

1

letters; and 2.) Defendant's claims that: "The next piece of correspondence you will receive on this account will be a Summons and Complaint" were misrepresentations.

     3.) Defendant violated 15 U.S.C. 1692f by as follows: 1.) Defendant misrepresented that his client "will file suit for the full amount" if Plaintiff did not make payment within 10 days of his letters; and 2.) Defendant's claims that: "The next piece of correspondence you will receive on this account will be a Summons and Complaint" were misrepresentations.


## II. PROCEDURAL BACKGROUND

1.      This action was filed on September 1, 2015.  (Doc. 1).

2.      Defendant Charles Turner filed an Answer on January 11, 2016.  (Doc. 9).

3.      Plaintiff Cintoway Mills died on June 12, 2016.

4.      A Statement of Plaintiff's[1] Death was filed on October 10, 2016.  (Doc. 13).

5.      Ronnie Mills filed a motion to substitute party to proceed as plaintiff on November 22, 2016 (Doc. 15), which the Court granted on November 23, 2016.

6.      Plaintiff filed a First Amended Complaint on November 29, 2016 (Doc. 16), and Defendant filed an Answer (Doc. 17).


## III. SUMMARY JUDGMENT STANDARD

     Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A fact is "material" if it will "affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is

---

[1] Cintoway Mills

"genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Id.* at 248.

Initially, the movant bears the burden presenting the basis for its motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant identifies "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* Although the movant must demonstrate the absence of a genuine issue of material fact, the movant need not negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.,* 402 F. 3d 536, 540 (5th Cir. 2005). The burden then shifts to the non-movant who " 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250 (quoting Fed.R.Civ.P. 56(e). A mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. *Anderson,* 477 U.S. at 252. The court must decide a summary judgment motion in the light most favorable to the non-movant. *See Thompson v. Diversified Adjustment Serv. Inc*, No. H-12-922, 2013 WL 3973976, at *3 (S.D. Tex. July 31, 2013) (citing Fifth Circuit precedent). The non-movant's burden is to "identify specific evidence in the record and articulate how that evidence supports that party's claim" - mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. *Id.* The non-movant cannot oppose a properly supported judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

## IV. ARGUMENT AND AUTHORITIES

Defendant's stipulations, admissions in discovery, pleadings, and letters provide

undisputed evidence supporting summary judgment on each of Plaintiff's causes of action. No material fact remains in dispute such that a jury could reasonably find for Defendant.

"The FDCPA is a strict liability statute ... [and a] single violation of the ... [FDCPA] is sufficient to establish civil liability." *Edwards v. Niagara Credit Solutions, Inc.* 586 F. Supp.2d 1346, 1367(N.D. Ga. 2008) (citing *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993)); *In re Eastman*, 419 B.R. 711, 728-29 (W.D. Tex. 2009). "In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995). **In sum, Plaintiff must show that: a.) Defendant was attempting to collect a consumer debt; b.) Defendant is a debt collector; and c.) Defendant engaged in an act or omission prohibited by the FDCPA.**

**A. Defendant attempted to collect a consumer debt from Plaintiff.**

Defendant stipulates that he sent "Ms. Mills letters in an attempt to collect consumer debts allegedly owed by Ms. Mills. (ECF Doc. 16, ¶ 5; ECF Doc. 17, ¶ 5). Defendant's stipulation satisfies the first element of Plaintiff's FDCPA claim.

**B. Defendant is a "debt collector".**

Defendant stipulates that he "regularly operates as third-party debt collector and is a "debt collector" as defined by 15 U.S.C. 1692a." (ECF Doc. 16, ¶ 4; ECF Doc. 17, ¶ 4). Defendant's stipulation satisfies the second element of Plaintiff's FDCPA claim.

**C.  The uncontroverted evidence supports summary judgment on each of Plaintiff's three causes of action.**

**1. Defendant did not send Plaintiff the requisite debt validation notice within 5-days of Defendant's initial communication with Plaintiff.**

Count I alleges that Defendant failed to send Plaintiff the requisite debt validation

information within 5-days of Defendant's initial communication with Plaintiff.  1692g(a) reads

as follows:

"Sec. 1692g. Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid
the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the
notice, disputes the validity of the debt, or any portion thereof, the debt will be
assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within
the thirty-day period that the debt, or any portion thereof, is disputed, the debt
collector will obtain verification of the debt or a copy of a judgment against the
consumer and a copy of such verification or judgment will be mailed to the
consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day
period, the debt collector will provide the consumer with the name and address of
the original creditor, if different from the current creditor."

Defendant's letters to Plaintiff did not contain the requisite information contemplated by

1692g(a).  (See ECF Docs. 16-1, 16-2, 16-3, and 16-4 for copies of Defendant's letters).

Defendant admitted to Plaintiff's allegation: "On September 8, 2014, Defendant mailed Ms.

Mills a letter dated September 5, 2014, which is attached hereto at Exhibit A and incorporated by

reference.  This letter of September 5, 2014 was the first letter Defendant sent Ms. Mills."  (ECF

Doc. 16, ¶ 6; ECF Doc. 17, ¶ 6).  Defendant further admitted that he sent the three other letters

attached to Plaintiff's First Amended Complaint.  (ECF Doc. 16, ¶ 7, 9, and 10; ECF Doc. 17, ¶ 7, 9, and 10).  Lastly, Defendant admitted that he "did not send Ms. Mills any other letters or communicate with her in any other manner."  (ECF Doc. 16, ¶ 10; ECF Doc. 17, ¶ 10).  All told, Defendant sent Plaintiff two letters regarding the debt allegedly owed to "MY NEXT PAYDAY" and two letters regarding the debt allegedly owed to "MYPAYDAYADVANCE."

From the uncontested facts, the Court may plainly determine that none of Defendant's letters contain the requisite disclosures mandated by 1692g(a), specifically the requirement prescribed by 1692g(a)(4).  A debt collector must send the consumer a written notice containing:

> (4) a statement that if the consumer notifies the debt collector in **writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

Defendant's letter plainly failed to advise Plaintiff that a notification of dispute would have to be in writing.[2]  A validation notice violates the FDCPA by failing to specify that debtor must notify debt collector "in writing" that debt is disputed.  (*Nero v. Law Office of Sam Streeter, P.L.LC.* (ED NY 2009) 655 F.Supp.2d 200, 206).  Defendant cannot rely on some prior validation notice allegedly sent by a prior debt collector.  The issue is not whether a prior debt collector sent the requisite validation letter, but whether the Defendant did.  *See, e.g., Stair ex rel Smith v. Thomas and Cook*, 254 F.R.D. 191, 197 (2008) (holding "the requirement of providing valid disclosure under § 1692g applies to each debt collector."(internal quotations omitted)).

---

[2] A consumer may dispute the validity of a debt orally, but the dispute must be in writing to trigger the requirement that the debt collector obtain and provide verification of the debt.  An oral notification of dispute would not be effective, thus prejudicing Plaintiff's rights.

Even had Defendant's validation notice contained the proper language pursuant to 1692g(a), the validation notice is also rendered ineffective by the demand for payment "within 10 days."  1692g(a) is not satisfied merely by inclusion of the required debt validation notice; the notice must be *conveyed effectively* to the debtor. (Greer *v. Shapiro & Kreisman* (ED PA 2001) 152F.Supp.2d 679, 683).  The requisite disclosures must not be overshadowed by other messages or notices appearing in the debt collector's initial or subsequent communication. (*Swanson v. Southern Oregon Credit Service, Inc.* {9th Cir. 1988) 869 F2d 1222, 1225; *Graziano v. Harrison* (3rd Cir. 1991) 950 F2d 107,111; *Greer v. Shapiro & Kreisman,* supra, 152 F.Supp.2d at 684; see also *McStay v. I.C. System, Inc.* (2nd Cir. 2002) 308 F3d 188, 191).  A demand letter simultaneously informing a debtor he would be sued if he did not pay his debt within one week but that he could contest the debt within 30 days was confusing and therefore violated the FDCPA.  (*Bartlett v. Heibl* (7th Cir. 1997} 128 F3d 497, 500-501).  Similarly, a debt collection letter stating the debtor had 30 days to dispute the debt but threatening immediate legal action violated the FDCPA.  (*Dunn v. Derrick E. McGavic, P.C.* (D OR 2009) 653 F.Supp.2d 1109, 1113-1114).


**2. Defendant violated 15 U.S.C. 1692e as follows: 1.) Defendant misrepresented that his client "will file suit for the full amount" if Ms. Mills did not make payment within 10 days of his letters; and 2.) Defendant's claims that: "The next piece of correspondence you will receive on this account will be a Summons and Complaint" were misrepresentations.**


The pertinent portions of 15 U.S.C. 1692e read as follows:


"Sec. 1692e. False or misleading representations

   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

… …

   "(5) The threat to take any action that cannot legally be taken
or that is not intended to be taken."

… …

   "(10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer."

Plaintiff submits the following uncontroverted evidence that Defendants statements were

misleading representations:

1. On September 5, 2014, Defendant mailed a letter to Ms. Mills relating to the debt

allegedly owed to "MY NEXT PAYDAY."  (ECF Doc. 16-1).  Within Defendant's letter,

the following representations were made in the fourth paragraph:

 "If payment is not received within 10 days of receipt of this letter, my client will
file suit for the full amount.  Such a suit, in addition to the amount due, will also
seek fees for the services of UCS, as well as the costs for filing suit.  Either I will
file the suit, or else an Attorney with the Forwarders List of Attorneys, a service
provided by The Association of Credit and Collection Professionals, will file suit.
The next piece of correspondence you will receive on this account will be a
Summons and Complaint."  (See ECF Doc. 16-1).

2. On December 5, 2014, Defendant mailed a second letter to Ms. Mills relating to the

debt allegedly owed to "MY NEXT PAYDAY."  (ECF Doc. 16-4).  In the letter,

Defendant used identical language in the fourth paragraph as found in the letter of

September 5, 2014.

3.  On September 10, 2014, Defendant mailed a letter to Ms. Mills relating to the debt

allegedly owed to "MYPAYDAYADVANCE."  (ECF Doc. 16-2).  Within Defendant's

letter, the following representations were made in the fourth paragraph:

 "If payment is not received within 10 days of receipt of this letter, my client will file suit

for the full amount.  Such a suit, in addition to the amount due, will also seek fees for the services of UCS, as well as the costs for filing suit.  Either I will file the suit, or else an Attorney with the Forwarders List of Attorneys, a service provided by The Association of Credit and Collection Professionals, will file suit. The next piece of correspondence you will receive on this account will be a Summons and Complaint."  (See ECF Doc. 16-2).

4. On November 28 2014, Defendant mailed a second letter to Ms. Mills relating to the debt allegedly owed to "MYPAYDAYADVANCE."  (ECF Doc. 16-3).  In the letter, Defendant used identical language in the fourth paragraph as found in the letter of September 10, 2014.

Clearly, Defendant's claim in his September 5, 2014 letter that "The next piece of correspondence you will receive on this account will be a Summons and Complaint" was a misrepresentation.  The next piece of correspondence on that account was in fact the letter of December 5, 2014.  The evidence is also clear and undisputed that Plaintiff did not make a payment within 10 days of the September 5, 2014 letter or at any time thereafter.  Had she made a payment, the "amount due" in the second letter would not be the same as it was in the first. Defendant has also admitted "that there are no documents evidencing any payments received from Ms. Mills on or after September 5, 2014 with respect to the debts allegedly owed to MY NEXT PAYDAY or MYPAYDAYADVANCE."  (See Exhibit A for Defendant's response to RFP #6).  Lastly, Defendant's own "DEBTOR PROFILE" records reveal that no payments were made. (See Exhibit A, last page).  Had a payment been made, the "amount due" on Defendant's letter of December 5, 2014 would in fact be a misrepresentation since it remained at $870.00.

Defendant made the identical misrepresentation in his letter of September 10, 2014 concerning the "MYPAYDAYADVANCE" as he did with the letters concerning "MY NEXT

PAYDAY."  Defendant also misrepresented that his client "will file suit for the full amount" if

Ms. Mills did not make payment within 10 days of his letters on both the

"MYPAYDAYADVANCE" and "MY NEXT PAYDAY" accounts.  As explained above, no

payment was made on either account.  This is evidenced from the face of the letters themselves.

Defendant also admitted that neither he nor his client "filed a lawsuit against Ms. Mills at any

time after September 5, 2014."  (See Exhibit B for Defendant's responses to RFA #8-10).

A collector may not make any threat that it either does not intend to take or is otherwise

beyond its immediate means. (*Masciarelli v. Richard J. Boudreau & Associates, LLC.*,  529

F.Supp.2d 183, 186).  In analyzing whether a communication or other conduct violates the

FDCPA, the Fifth Circuit stated that a court: "must evaluate any potential deception in the letter

under an unsophisticated or least sophisticated consumer standard." *Gonzalez v. Kay*, 577 F. 3d

600, 603 (5th Cir. 2009) (quoting *Goswami v. Am. Collections Enter*., Inc., 377 F.3d 488, 495

(5th Cir.2004)).  This standard assumes "that the plaintiff-debtor is neither shrewd nor

experienced in dealing with creditors" but not "tied to the very last rung on the [intelligence or]

sophistication ladder." *Id.* (internal citations omitted).  This standard protects "the inexperienced,

the untrained and the credulous" from deceptive debt collection practices. *Id.*  (internal citations

omitted).  Clearly, Defendant's false representations were designed to mislead and coerce

Plaintiff into paying the alleged debts.

Intent is not a required element of a 1692e violation.  The FDCPA is considered a *"strict

liability"* statute.  Debt collectors are generally liable for violating the FDCPA's requirements

*without regard to* intent, knowledge or willfulness.  See *Clark v. Capital Credit & Collection

Services, Inc.* (9th Cir. 2006) 460 F3d 1162, 1175-1176 & fn. 11; *Sims v. GC Services L.P.* (7th

Cir. 2006) 445 F3d 959, 964; and *Schwarm v. Craighead (ED* CA 2008) 552 F.Supp.2d 1056,

1074.

**3.) Defendant violated 15 U.S.C. 1692f by as follows: 1.) Defendant misrepresented that his client "will file suit for the full amount" if Ms. Mills did not make payment within 10 days of his letters; and 2.) Defendant's claims that: "The next piece of correspondence you will receive on this account will be a Summons and Complaint" were misrepresentations.**

> 15 U.S.C 1692f reads:
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …

"Unfair" or "unconscionable" practices have no "scienter" or "knowledge" component.

Thus, any defense based on an *unintentional* violation must be raised under §1692k(c). *Turner*

*v. J. V.D.B. & Assocs., Inc.* (7th Cir. 2003) 330 F3d 991, 997. Plaintiff submits that Defendant's

false representations designed to mislead and coerce Plaintiff into paying the alleged debt

constitute use unfair or unconscionable means to collect or attempt to collect any debt.

**D. Defendant's "separate" defenses are not supported by law or by evidence.**

Summary judgment is appropriate as Defendant's affirmative defenses are boilerplate and

legally deficient. Defendant raises three bald affirmative defenses: 1.) "That any injury sustained

by Plaintiff was a result of activities that were not under the control of the Defendant;" 2.)

"Plaintiff failed to join the necessary parties to this action"; and 3.) "Plaintiffs suit against the

Defendant should be dismissed for failure to prove actual injury pursuant to Spokes Inc. vs.

Robins 578 U.S. __ ( 2016 )." (ECF Doc. 17, "SEPARATE DEFENSES").

Defendant's claim that any injury sustained by Plaintiff was a result of activities that

were not under the control of the Defendant is untenable.  Defendant admitted having sent the

letters at issue, which were personally signed by him.

     In his second affirmative defense, Defendant states that Plaintiff failed to join the

necessary parties.  A party is considered "necessary" under the following conditions:

> (A) in that person's absence, the court cannot accord complete relief among existing
>     parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated
>     that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or
>      otherwise inconsistent obligations because of the interest.

*U.S.A. v. Keathley*, No. 2:11-cv-00107, at 4 (S.D. Tex. June 29, 2011) (citing Fed. R. Civ. P.
19(a).

     Even if other unjoined parties were also liable, the Court can provide complete relief as

Defendant is liable individually for FDCPA violations.   Defendant is at risk of only damages

resulting from his individual actions.  Further, Defendant failed to show, and cannot show how

the identity of other "necessary" parties would absolve him of liability.  The fact that Defendant

may or may not be employed as an in-house attorney for a client that collects debts is irrelevant.

Defendant is liable either way.  Collection agency employees who personally violate the Act are

also liable as debt collectors.  (*Kistner v. Law offices of Michael P. Margelefsky, L.L.C.*, 518 F.

3d 433, 437-38 (6th Cir. 2008)).  Defendant and Defendant alone signed and sent the letters

giving rise to Plaintiff's causes of action.

     Finally, Defendant's third "separate" defense is inapplicable and wholly unsupported.

Any person against whom an FDCPA violation is committed, including a non-debtor, may bring

suit for actual and/or statutory damages, costs and reasonable attorney fees.  (15 USC

§1692k(a)).  Statutory damages of up to $1,000.00 are awardable in the court's discretion,

whether or not actual damages are awarded. (15 USC §1692k(a)(2)(A); see *Keele v. Wexler* (7th Cir. 1998) 149 F3d 589, 593; *Baker v. G.C. Services Corp.* (9th Cir. 1982) 677 F2d 775, 780; *Irwin v. Mascott (ND* CA 2000) 112 F.Supp.2d 937, 960).

## V. DAMAGES

### A.) Damages Available Under the Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act provides for statutory damages as the court may allow, but not exceeding $1,000; any actual damage sustained by such person, and the costs of the action, together with a reasonable attorney's fee as determined by the court. (15 U.S.C. 1692k). Plaintiff seeks $1,000 in statutory damages, $59.95 in costs, and $10,865.50 in attorney's fees.

### B.) Evidence Supports the Statutory Damages Sought.

The statutory damages available under the Fair Debt Collection Practices Act have not changed since enacted in 1977. Adjusting for inflation, $1,000 in 1977 would be $3,873.30 in 2015. (Calculated using the "CPI Inflation Calculator" available from the United States Department of Labor Bureau of Labor Statistics). As such, today's victims of FDCPA violations recover comparatively little in relation to the original intent of the Act. Plaintiff suffered from multiple separate violations of the Act, one or more of which are willful or malicious in nature. Plaintiff therefore prays for $1,000 in statutory damages.

### C.) Evidence, Public Policy, and Case Law Support the Costs and Attorney's Fees Sought.

### 1. Determining Reasonable Attorney Fees in an pursuant to 15 U.S.C. 1692k(a)

15 U.S.C. 1692k(a) provides that a victim of an FDCPA violation may recover the (costs of the action, together with a reasonable attorney's fee as determined by the court." An award of

attorney's fees under an FDCPA action is mandatory. (*Tolentino v. Friedman*, 46 F.3d 645, 651-652; *Lee v. Thomas & Thomas*, 109 F.3d 302, 307). The *Tolentino* court noted:

> "Given the structure of the section [15 U.S.C. 1692k], attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." (*Tolentino v. Friedman*, 46 F.3d 645, 651-652).

Reasonable attorney's fees are also to include work performed by paralegals and others in support of the attorney. (*Missouri v. Jenkins*, 491 U.S. 274, 285).

Attorney's fees calculated pursuant to 15 U.S.C. 1692k(a)(3) is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  (*Smith v. Law Offices of Mitchell N. Kay* (1991) 762 F Supp 82; *Leyse v. Corporate Collection Services, Inc.*, 545 F. Supp. 2d 334 (S.D. N.Y. 2008)).  A reasonable attorney's fee (in total) may be calculated by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." (*Hensley v. Eckerhart*, 461 U.S. 424, 433).  To determine reasonable attorney fees awarded under Fair Debt Collection Practices Act (FDCPA), a court must calculate the lodestar figure based upon hours reasonably spent by counsel multiplied by reasonable hourly rate. (*Sierra v. Foster & Garbus*, (1999) 48 F. Supp. 2d 393).  The initial estimate of reasonable attorney's fee under Fair Debt Collection Practices Act (FDCPA) is properly calculated by multiplying number of hours reasonably expended on litigation times reasonable hourly rate. (*Norton v. Wilshire Credit Corp.,* (1999) 36 F. Supp. 2d 216).

There is a strong presumption that this lodestar figure represents a reasonable fee; therefore, it is only in rare and exceptional circumstances that the lodestar method does not adequately take into account a factor that may properly be considered in determining that an

enhancement above the lodestar calculation is appropriate.  (*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).  "Trial courts need not, and indeed should not become green-eyeshade accountants" when determining attorney's fees.  (*Hensley v.Eckerhart*, (1983) 461 U.S. 424, 437).  "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id.*

### 2. Plaintiff's Counsel Expended a Reasonable Number of Hours on the Litigation

Plaintiff's counsel has provided a detailed billing summary of the hours spent on the case including paralegal/staff hours.  (See Exhibit E).  There is substantial evidence that Plaintiff's counsel expended a reasonable number of hours on this litigation.  There is no evidence to the contrary.  Plaintiff's counsel made every effort to mitigate attorney's fees and resolve the case by way of settlement.  Plaintiff's legal fees through this motion for default judgment were thus necessarily incurred.  Neither duplicative nor excess effort was expended.

### 3. Plaintiff's Counsel's Billing Rate of $300.00/hr. is Reasonable

Plaintiff is represented by Centennial Law Offices, a firm practicing almost exclusively in consumer protection law.  Plaintiff's attorney of record, E. Brian Watkins is contracted as local counsel at a rate of $300.00 per hour by Centennial Law Offices.  (See Exhibit F). Attorney Robert Amador acted in support of Attorney M. Ronald Mendes[3]  (See Exhibit G).

Plaintiff submits that the hourly rate of $300.00 is reasonable.  The United States Consumer Law Attorney Fee Survey Report (2013-2014) revealed an average billing rate of $439.00 per hour in California and $370.00 for Massachusetts attorneys.  (See pages 49 and 58 of Exhibit D).

Plaintiff's counsel has been awarded attorney's fees based on counsel's billing rate of

---

[3]  Although Attorney Amador did not make an appearance before this Court, Attorney Amador assisted Attorney Mendes.

$300.00 per hour in many Fair Debt Collection Practices Act cases in many jurisdictions.

Examples of such cases include, but are in no way are limited to, the following:

*Meyer v. Turner* (U.S. District Court for the Southern District of Mississippi), case 1:13-cv-00443-JCG;

*Campos v. Tolteca Enterpirses, Inc. et al* (U.S. District Court for the Western District of Texas), case 5:14-cv-00874-RP;

*Beason v. Takhar Collection Services, Ltd.* (U.S. District Court for the Northern District of Illinois), case 12-cv-04160;

*Crase v. Portfolio Recovery Associates, LLC* (U.S. District Court for the Eastern District of Kentucky), case 5:14-cv-00314;

*Anderson v. Law Office of Vincent P Cignarale, LLC* (U.S. District Court for the Western District of Wisconsin), case 3:12-cv-00089;

*Bertrand v. Chase Asset Recovery Corp* (U.S. District Court for the District of Connecticut), case 3:12CV487;

*Ford v. Vandenberg, Chase and Associates, LLC.* (U.S. District Court for the Northern District of Alabama), case 12-cv-00947;

*Gibson v. Halsted Financial Services LLC* (Cal. Superior Court, Los Angeles), case 12A09979;

*Sojka v. Takhar Collection Services, Ltd*. (U.S. District Court for the Eastern District of Missouri), case 12-cv-00502;

*Hendricks v. Takhar Collection Services, Ltd.* (Cal. Superior Court, Fresno, case 12 CECL 04105;

*Schwenker. v. Vandenberg. Chase, and Associates. LLC* (U.S. District Court for the District of New Jersey), case 2:11-cv-07327;

*Williams vs. Portfolio Recovery Group LLC*  (Cal. Superior Court, San Joaquin), case 39-2012-00284298;

*McGilton v. Vandenberg Chase & Associates, LLC* (U.S. District Court for the Eastern District of Kentucky), case 5:12-cv-00098;

*Fairchild v. C.M. Association Group* (Cal. Superior Court, Riverside), case RIC121076;

*Tortoso v. Bryant Hodge & Associates* (U.S. District Court for the Middle District of Florida), case 8:13-cv-02298;

*Lane v. Accredited Collection Agency Inc.* (U.S. District Court for the Middle District of Florida), case 6:13-cv-530;

*Hill v. Chase Asset Recovery Corp* (U.S. District Court for the District of Connecticut), case 3:12CV486;

*Chipman-Bressi v. Vandenberg Chase & Associates, LLC,* (U.S. District Court for the Western District of Washington), case 3:12-cv-05373;

*Shock v. Vandenberg Chase & Associates, LLC* (U.S. District Court for the District Colorado), case 1:12-cv-01383;

*Lebeda v. Omni Mediation Group, Inc. et al,*(U.S. District Court for the Northern District of Illinois), case 12 C 9363;

*Jacobs v. Takhar Collection Services, Ltd.* (U.S. District Court for the Northern District of Florida), case l:12-cv-00085;

*Williams v. Takhar Collection Services, Ltd.* (U.S. District Court for the District Colorado), case 1:12-cv-02327;

*Friedlander v. National  Credit Adjusters, LLC* (U.S. District Court for the Northern District of Illinois),case1:13-cv-05132;
*Flores v. Nationwide Debt Management Solutions LLC* (Cal. Superior Court, Alameda), case HG13-690916; and
*Risorto v. Malcom S. Gerald and Associates, Inc.* (U.S. District Court for the District Colorado), case 13-cv-02993.

Specifically with regards to Fair Debt Collection Practices Act cases as the one before this Court, decisions from jurisdictions across the country have consistently awarded attorneys' fees based upon hours reasonably expended and billed as a reasonable rate. A common result from Fair Debt Collection Act cases is that attorneys' fees are disproportionately greater than the $1,000 maximum statutory damages recoverable. However, such a disproportionate outcome does not render necessarily expended time as unreasonable. Courts have consistently awarded attorneys' fees based on time reasonably expended regardless of the underlying recovery. Examples include $23,421 in fees awarded on $1,500 settlement recovery (*Bryant v. TRW*, 689 F.2d 72); $69,872 in fees awarded on $1,000 recovery, (*Gradisher v. Check Enforcement Unit*, WL 187416, W.D. Mich., 2003); and $43,180 in fees awarded on $1,000 recovery, (*Armstrong v. Rose Law Firm, P.A.*, 2002 WL 31050583, D.Minn. 2002).

The fee-shifting effect of 15 U.S.C. 1692k allows victims of FDCPA violations to retain counsel where they would not otherwise be able to do so.  Due to the maximum $1,000 recovery applicable to most claims, a contingency-fee arrangement would not realistically allow a Plaintiff to attract counsel.  Similarly, paying counsel out-of-pocket would be unrealistic based on a possible recovery of $1,000.00.  Enforcement of the FDCPA often hinges on consumer attorneys willing to represent plaintiffs based exclusively on the prospect of obtaining a reasonable attorney's fee award under 15 U.S.C. 1692k.  Indeed, in the present case Plaintiff's counsel did not charge Plaintiff an out-of-pocket fee for representation and paid Plaintiff's costs where

17

applicable.

## VI. CONCLUSION

"The FDCPA is a strict liability statute ... [and a] single violation of the ... [FDCPA] is sufficient to establish civil liability." (*In re Eastman*, 419 B.R. 711, 728-29 (W.D. Tex. 2009)). Although a single violation is enough to establish liability, Plaintiff has proven that Defendant violated the FDCPA not once, but multiple times.  The undisputed facts and the law support summary judgment against Defendant.

Plaintiff has conclusively provided uncontroverted evidence supporting each element of his FDCPA causes of action.  Defendant cannot proffer any evidence that would refute Plaintiff's evidence or raise a genuine issue of material fact as to the facts supporting each of Plaintiff's causes of action.

Based on the foregoing, Plaintiff respectfully requests that this Court grant summary judgment for Plaintiff in the amount of $1,000.00 in statutory damages, $59.95 in costs, and $10,865.50 in attorney fees.

Respectfully submitted,

Dated:  February 1, 2017

/s/ M. Ronald Mendes
M. Ronald Mendes Esq.
Moniz & Mendes, P.C.
(Of counsel for Centennial Law Offices)
224 Essex Street
Salem, Massachusetts 01970
Phone: (978) 857-7984
Fax: (800) 595-6628
ronmendes@mendeslaw.com

## **CERTIFICATE OF SERVICE**

I CERTIFY that on this date, February 1, 2017, I caused a copy of the foregoing to be mailed via U.S. Mail, to:

CHARLES I. TURNER
38 East Ridgewood Avenue, #395
Ridgewood, NJ 07450

/s/ M. Ronald Mendes
M. Ronald Mendes Esq.
(Attorney for RONNIE MILLS, as Executor of the Estate of Cintoway Mills, deceased; former counsel of Cintoway Mills, deceased)
Moniz & Mendes, P.C.
(Of counsel for Centennial Law Offices)
224 Essex Street
Salem, Massachusetts 01970
Phone: (978) 857-7984
Fax: (800) 595-6628
ronmendes@mendeslaw.com