UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONNIE MILLS, AS EXECUTOR OF )
THE ESTATE OF CINTOWAY MILLS, )
DECEASED, )
PLAINTIFF, )
)
v. ) C. A. No. 15-13267-MLW
)
)
CHARLES TURNER, )
DEFENDANT. )

MEMORANDUM AND ORDER

WOLF, D.J.                                              August 25, 2017

On November 29, 2016, plaintiff Ronnie Mills, as executor of the estate of Cintoway Mills, filed an amended complaint alleging that defendant Charles Turner violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA"). The three-count amended complaint alleges the following causes of action against defendant: (1) failure to send a debt validation notice ("Validation Notice") in violation of 15 U.S.C. §§1692g (Count One); (2) misrepresentation in connection with the collection of a debt in violation of 15 U.S.C. §§1692e (Count Two); and (3) unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §§ 1692f (Count Three). Plaintiff seeks statutory damages, costs and attorney's fees.

Plaintiff filed a motion for summary judgment on all counts. Defendant filed a cross motion for summary judgment.

In a July 10, 2017 Report and Recommendation (the "R&R"), the Magistrate Judge recommended that the plaintiff's summary judgment motion be: allowed with respect to Count Two and the §1692g overshadowing claim in Count One; denied as to Count Three and the §1692g(a)(4) claim in Count One; and denied without prejudice as to the request for statutory damages, costs and attorney's fees. The Magistrate Judge ordered plaintiff to advise the court within 14 days from the date of the Report and Recommendation whether he wants to proceed with Count Three or voluntarily dismiss that count, and whether he wishes to proceed to trial regarding the §1692g(a)(4) aspect of his claim in Count One. See R&R at 16. Due to these unresolved claims, the Magistrate Judge recommended denying without prejudice plaintiff's request for damages, costs and attorney's fees. Id., at 23. The Magistrate Judge further recommended that the defendant's motion for summary judgment be denied.

The plaintiff did not report as ordered concerning whether he wishes to proceed with regard to the remaining basis for his claim in Count One concerning the Validation Notice or Count Three. Plaintiff submitted one objection to the Report and Recommendation. Specifically, plaintiff objected to the recommended denial of his §1692g(a)(4) claim in Count One.

Rule 72(b)(3)of the Federal Rules of Civil procedure requires the court to review "de novo any part of the magistrate judge's

disposition that has been properly objected to." "[A party is] not entitled to a de novo review of an argument never raised " before the magistrate judge. Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987). "Parties must take before the magistrate, 'not only their best shot but all of their shots.'" Id. (quoting Singh v. Superintending Sch. Comm. Of City of Portland, 593 F. Supp. 1315, 1318 (D. Me. 1984). Waiver of de novo review by failing to file proper objections does not entitle a party to "some lesser standard" of review. Thomas v. Arn, 474 U.S. 140, 149-50 (1985); see also Costa v. Hall, 2010 WL 5018159, at *17 (D. Mass. Dec. 2, 2010) ("Absent objections, the court may adopt the report and recommendation of the magistrate judge."). However, review by the court in such circumstances is not prohibited, and some level of oversight, even if not de novo, is encouraged. See Henderson v. Carlson, 812 F.2d 874, 878 (3rd Cir. 1987).

The court finds the Report and Recommendation to be thorough and persuasive. It is, therefore, being incorporated in this Memorandum and adopted. Accordingly, plaintiff's motion for summary judgment is being allowed in part and denied in part. In addition, plaintiff's request for statutory damages, costs and attorney's fees is being allowed. Defendant's motion for summary judgment is being denied.

The motion for summary judgment on Count One is being allowed with regard to the §1692g overshadowing claim, as to which no objection has been made, and on Count Two. The §1692g(a)(4) claim in Count One is being dismissed. Plaintiff did not report that he wished to proceed to trial on that claim. In any event, the §1692g(a)(4) claim is moot because granting summary judgment on the §1692g claim means that judgment will enter for plaintiff in Count One. Cf. Lamb v. M&M Associates Inc., 1998 WL 34288694, at *6 (S.D. Ohio, 1998)(holding that an overshadowing argument is moot when the court has concluded as a matter of law that the requisite validation notices were not included in collection letter).

In Count Three, plaintiff alleges that defendant violated the §1962f prohibition on "unfair or unconscionable means to collect or attempt to collect [a] debt". R&R at 21-23. As the Magistrate Judge explained, plaintiff cannot recover under Count Three because he relies on the same conduct used to establish his §1692(e) claim in Count Two. See id.

The Magistrate Judge correctly concluded that §1962f prohibits unfair and unconscionable conduct not covered by any other section of the FDCPA. See id.; Davis v. Diversified Consultants Inc., 36 F.Supp. 3rd 217, 228 (D. Mass. 2014); Fiorenzano v. LVNV Funding, LLC, 21012 WL 256425, at *5.). Because defendant did not raise this argument in seeking summary judgment

4

on Count Three, the Magistrate Judge ordered that plaintiff advise the court within 14 days of the Report and Recommendation as to whether he wished to proceed with Count Three or voluntarily dismiss it. Id., at 23. Plaintiff did not respond to that order. Therefore, the court infers that plaintiff does not wish to proceed on Count Three, which is unmeritorious, and is deeming it withdrawn.

The Magistrate Judge denied without prejudice plaintiff's request for damages because Count Three remained pending. As Count Three has been resolved, the issues of damages, costs, and attorney's fees are now ripe for decision. See McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 69(1st Cir., 2003).

Section 1692k(a) allows a prevailing plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court. . . " as well as statutory damages of up to $1,000. Further, "[a]n award of attorney's fees to successful plaintiffs under the FDCPA is obligatory." French v. Corporate Receivables Inc., 489 F.3d 402, 403 (1st Cir. 2007) (citing Zagorski v. Midwest Billing Serv., Inc., 128 F.3d 1164, 1166 (7th Cir. 1997); Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir.1989).). "That successful plaintiffs are entitled to a fee award under the FDCPA does not mean, however, that they are entitled to the amount requested; they are entitled to what is reasonable under the circumstances." French, 489 F.3d at 404

(citing Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629 (4th Cir. 1995); de Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 233-34 (1st Cir.1990)). To determine the reasonableness of attorney's fees, courts utilize the "lodestar method," which calculates the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Perdue v. Kenny A., 130 S.Ct. 1662, 1672-73 (2010); Edge v. Norfolk Fin. Corp. & Co., WL 2323193, at *2(D. Mass. 2005).

Plaintiff seeks $1,000 in statutory damages, $59.95 in costs, and $10,865.50 in attorney's fees. Plaintiff calculated attorney's fees using the lodestar method and has submitted documentation that establishes the reasonableness of the request. See Pls' Mot. and Mem. Summ. J., Ex. E. Defendant in his submission to the Magistrate Judge did not challenge the reasonableness of the amounts requested. It is too late to do so now. See Borden, 836 F.2d at 6; Singh, 593 F. Supp. at 1318. Therefore, the court is allowing plaintiff's request for $1,000 in statutory damages, $59.95 in costs, and $10,865.50 in attorney's fees.

In view of the foregoing, it is hereby ORDERED that:

1. The attached Report and Recommendation (Docket No. 24) is ADOPTED and INCORPORATED in this Memorandum.

2. Plaintiff's Motion for Summary Judgment is ALLOWED with respect to Count Two and the overshadowing §1692g claim in Count

One, and DENIED with respect to Count Three and the §1692g(a)(4) claim in Count One.

3. Count Three is deemed WITHDRAWN.

4. Plaintiff's request for $1,000 in statutory damages, $59,95 in costs, and $10,865.50 in attorney's fees is ALLOWED.

5. Defendant's Motion for Summary Judgment (Docket No. 21) is DENIED.

6. Judgment shall enter for plaintiff in accordance with this Order.

/s/ Charles P. Kindregan
UNITED STATES DISTRICT JUDGE